The next case is number 093083, Michelle Keller against the Merit Systems Protection Board. Mr. Hume, are you ready? Good morning. May it please the court, public counsel, I'm attorney Martin Hume here on behalf of the petitioner Dr. Michelle Keller. The present case presents a petition for review of a decision on the Merit Systems Protection Board dismissing for lack of jurisdiction a mixed case appeal filed by the petitioner Michelle Keller. There's three issues that are being presented for your review this morning. The first issue that you have to decide is whether Dr. Keller was in fact reduced in grade or pay because under the regulations if she was she had an automatic right of appeal. Didn't she get her grade and pay back? No. No harm, no foul? No. The law says you can't do what they did. The claim is that they didn't intend to do that which they did. The retroactive increase in pay was made two years after the constructive discharge. It was made about a month after the appeal to the Merit Systems Protection Board and it didn't grant her all the relief that she would have been entitled to had she prevailed in the appeal. So suppose that you're right about that and that the board is wrong to say that there was no jurisdiction for that part of the case. What's the remedy? Keeping in mind that that's a separate avenue from the constructive discharge avenue. I understand but full remedy would be available to her. Reinstatement to the position that she should have. Why reinstatement? Because she had every right to be the clinical director. Being moved from clinical director to a different status isn't, I take it, an actionable change. What's actionable is a change of pay and grade. In other words, you could move someone from the position of clerk typist in one office to secretary assistant in another office. And as long as the pay and grade is the same and there's no other change that falls within Chapter 75 of Title V, that's not actionable before the board, right? No, I totally disagree, Your Honor. Under 5 U.S.C. 7513, Dr. Kelly was entitled to at least 30 days advance written notice stating the reasons for the proposed action. And that would apply both to the demotion. Well, but the demotion is a change in grade or a step. Right. Or pay, right? Right. So if she didn't have any others, if they fix that, what's left? Why does she get reinstatement now to her previous position? Because it was an improper demotion. In other words, if they don't follow the right procedures, okay, she's entitled to be placed in the position that she would have been in but for the wrongful conduct. In other words, you're complaining about procedures, not effects. Both. Both are in effect. In other words, part of her, when we get to the constructive discharge claim, but part of her claim is she had certain statutory rights that she attempted to enforce. You'll see throughout the Joint Appendix, she requested from the warden, Warden Snezek, if you're going to do this to me, I request that you provide me with written instructions, written explanation as the basis for your decision. He never did that. But isn't everything you're saying, doesn't everything you're saying really go to the question of whether, given what was done, including the lack of notice and so forth and the reduction in salary, all of that constituted constructive discharge? Because if she had, she left. She left the position. If those elements did not result in a constructive discharge, then she doesn't get the remedy of being reinstated, right? No, I disagree, Your Honor. I think you could look at this as almost two separate claims. They are two separate claims. One is simply a claim. Let's assume that instead of being demoted, she was fired, that there was an adverse employment action against her. She has a right of appeal to the Merit Systems Protection Board to contest the action that was taken against her. And if the appeal is found to be with merit, they have the right to install full remedy, put her back to the position, give her the back pay, do all the things that she would be entitled to. That's exactly what we have here. She had a right to be the clinical director and not be demoted and not suffer reduction in pay without the appropriate due process procedures that are part of federal statutory law. They violated that, and they should be made to pay. Let me put a hypothetical question to you to indicate what's bothering me about the position you take. Suppose that an employee is told, you're suspended for 15 days, which is an action that's actionable before the board. And the employee goes off on the 15-day suspension without pay. Let's make it even easier. And then comes back and says, you know what? I am so angry about having been suspended that I quit. And then files an appeal with the board and says, number one, the suspension was wrong, and number two, I was constructively discharged. Now, suppose the board concludes, no, that wasn't enough cause to justify your leaving. What remedy, other than being paid for the period of the suspension, is the employee entitled to? Well, I would say, under those circumstances, I think it's essentially a failure to mitigate defense, which is similar to the constructive discharge of a doctor. The employee in that situation wouldn't get her job back, right? I think it depends on all the facts and circumstances. Well, the fact that the critical fact that I've provided for you is that that is not enough cause, let's say, arguendo. That's not enough cause to justify leaving. Well, ultimately, we're going to get to the constructive discharge. I understand, but I want to sort this out as the first question. I believe that the demotion, okay, is such an adverse employment action that she reasonably did what she did, and we reasonably anticipated that a person who had this sort of injustice done to them would take that action. So it really comes down to the constructive discharge? I'm not going to say, it's not only that, it's both. And I think, let me just talk a little bit about this Alice in Wonderland decision. But a case lost as an employee given a choice of two unpleasant circumstances and then resigns doesn't necessarily resign under coercion. It's not necessarily a constructive discharge. I agree, Your Honor. Being demoted but getting your pay and rank back probably isn't the same situation. She wasn't forced to resign. Well, first of all, Your Honor, I'm going to be very clear about this two-year difference in time frame from the time that they tried to give her her payback. So that was not contemporaneous at all with her decision to quit. So I don't think that you can use that as a basis to say she didn't act reasonably knowing that she was going to get the same pay. I want to make a little bit of reference to this Alice in Wonderland, as I described it, decision-making. Whose case is that? It's a case where you say black is white and white is black. We have a form that's before the court that says her pay went from $109,000 to $106,000. It says she went from GS-7 to GS-6. The same person who created the form and signed her name to the form signs an affidavit saying, I didn't mean to do that, which I did. We decided the case law that says... Was there a change in GS or was there a change in STEP? STEP only. STEP. It wasn't a change in grade. No, it wasn't a change in grade, but it did reduce a reduction in sound. I understand, but that... Go ahead. Okay. As to the issue of whether a reasonable person might have found this to be a basis to quit her employment, there's a number of cases that have held that an unjust demotion has been found to support a claim of constructive discharge. I cite those in my brief. The Jett v. Dallas case, the Faust v. Hilton, and particularly the Pennsylvania State Police v. Suitors case, where the U.S. Supreme Court specifically said that a humiliating demotion on the basis of sex states a claim for constructive discharge. Is your position here in this argument that it's given and not disputed that the reason she was demoted was a discriminatory act? I think for the purpose of this decision, you have to take the evidence construed most strongly in favor of the petitioner. This was decided on a lack of jurisdiction for failure to state a reasonable claim that there was a constructive discharge. So I think similar to a summary judgment standard, you should construe the evidence most strongly in her favor. There's certainly direct evidence that the warden in this case had made a statement to her that maybe the people working in the medical division would listen to a man and not to her. So I think that was certainly the basis of what her decision making was based upon. There was a statement by the warden to her, how does your husband deal with you, when she was contesting the fact that she didn't want to take the $4,000 reduction in pay. Even though she was doing a good job, they took away all her management duties and she was going to be subjected to the supervision of the person they were bringing in to replace her. There were sexist and demeaning comments that had been made to her by both the warden and the assistant warden, being referred to as Barbie and saying we can't have two blondes working in our medical provision. And then I also do believe that under the constructive discharge, misinformation or deception on behalf of the agency can form the basis for a constructive discharge case. This goes back to her right to notice and opportunity to be heard. They expressly violated the statutory requirements under this case. She had done everything that a reasonable person could do to try to rectify her situation short of quitting and so therefore when she did quit, she was acting in a reasonable fashion. I'd like to reserve the rest of my time for rebuttal. Okay, let's hear from the MSPB. Good morning. May it please the court. The board does not have jurisdiction over Dr. Kelleher's appeal. We have two issues here involved. One is a reassignment which Dr. Kelleher did receive initially a reduction in pay. Case law supports the position that once the agency learns of the reduction in pay and it corrects that administrative error, then that leaves nothing to appeal. At the time that Dr. Kelleher's reassignment was effective, the agency initially was not aware that she was also entitled to a within grade increase. It's correct and the MSPB didn't get to the question of whether or not the resignation had an improper foundation. That was accepted as given that it was a discriminatory act? No, Your Honor. The constructive discharge is sort of a separate issue but it is intertwined with what the petitioner says that is a part of what drove her to resign. The board contends that her resignation was voluntary. Resonations are considered voluntary and not appealable to the board. However, there are situations in which where if there is coercion on the part of the agency or the agency misleads an appellant or the agency does something to make what is facially a voluntary resignation, something that makes that resignation which facially is voluntary makes it an involuntary act. The board contends here that Dr. Kelleher's resignation was nothing more than a voluntary act because she was unhappy with being reassigned to a different position in which she had to work under someone where she had been the clinical director. Did the board reach a decision on the merits of her claim of discrimination? No. Your claim of discrimination, when you have a voluntary resignation... She says that's why it wasn't voluntary. But your discrimination allegation at that point that you commonly call a mixed case is really not a mixed case at that point. Your discrimination at that point, the evidence of discrimination, can only go to the issue of whether or not the resignation was voluntary. Once you determine the trial fact, which is administrative judge, determines that the resignation was a voluntary act, the administrative judge does not get to whether or not there was discrimination. But that's what I'm trying to understand. How can you decide whether it was voluntary or not when she says it was not voluntary because I was discriminated against? In the administrative judge's decision, the administrative judge took everything Dr. Keller said and made a determination that that did not rise to the level of making her resignation involuntary because the standard is whether a reasonable person, given all the facts and circumstances, whether or not a reasonable person would have resigned. Dr. Keller resigned five days after she was reassigned. She does not point to any action on the part of the agency, although we recognize that you take the totality of the circumstances, that it does not necessarily go to what happened within the five days after she was resigned. She doesn't point to any action on the part of the agency within these five days that would cause a reasonable person to resign so the administrative judge concluded, yes, she was unhappy with being reassigned, but that did not rise to the level to make her voluntary act an involuntary act on her own. And didn't there have to have been a decision on the merits of her discrimination claim that there was no contribution of discrimination to the resignation? No, Your Honor. So you weren't discriminated against for these five days, although you might have been discriminated against in the previous five days, but that doesn't count. Was that what was before us? No, what is before this court, Your Honor, is whether or not one Dr. Keller's resignation was involuntary. And this court would look to see if the board made a determination that given everything that Dr. Keller said, whether or not that would have caused a reasonable person by objective standards to have resigned, whether or not the agency did anything that was sufficiently coercive to make her resignation turn from a voluntary resignation to an involuntary resignation. The administrative judge looked at, given everything Dr. Keller said happened to her, the administrative judge looked at the totality of the circumstances, what was in the record, and made a determination that all of those circumstances did not rise to the level to make a reasonable person in Dr. Keller's position resign. She had a choice. She made a voluntary choice between two unpleasant positions. She could have resigned, which she did voluntarily, or she could have remained and filed some other kind of action if something had continued to occur. She had filed a discrimination allegation, which they found no discrimination. No, they found that the MSPB had jurisdiction. I'm sorry? They didn't make a finding. They found that her case belonged to the MSPB. You now tell us her case doesn't belong in the MSPB. But the MSPB, in order to have jurisdiction, the MSPB need to have a case in which it had jurisdiction to handle. As I said earlier, voluntary actions are not appealable to the board. The only way a voluntary action She loses on either of two grounds. One, she voluntarily resigned. Second, she didn't have an appealable action after the payment. Correct. Correct. It was a voluntary action. Even in the form that she signed, when she only says on the form at the Joint Appendix, page 42, she said, voluntary. Reason for the resignation? Personal reasons. She could have, at that point, had she chosen to do so, she could have said, I'm resigning because I'm forced. She could have said something that would have given the trial facts some other reason to believe that she resigned other than a voluntary action. But she did not. She made a voluntary choice between two unpleasant choices that she had to make. And even though her choice was voluntary, there is nothing in the totality of the circumstances surrounding this action that turned Dr. Keller's voluntary action to an involuntary action on his part. And so the board appropriately found that this was a voluntary action, there was no appealable action involved here, and that it did not have jurisdiction to adjudicate Dr. Keller's appeal. Okay. Let me make sure I understand the procedural background. I'm following up on Judge Newman's question. She did file, actually before the events immediately at issue here, she did file with the EEO, I guess, of the Department of Justice of the BOP, a complaint. Now, what exactly was the disposition of that complaint? The disposition of the complaint... That was in March 16, 2006. We had something from the Department of Justice. She was working at the Bureau of Prison. April 2nd. And their final conclusion was, initially... Was there a decision in 2008? Yes, April 2nd, 2008. Yes, sure. Let's turn to the... That's page 13, let's see. Well, I'm looking at page 28 of that document. All right. Page 28, not of the document, but of the appendix. And it says, Decision, for the foregone reason, the evidence does not support complainant's claim that the BOP, Bureau of Prison, discriminated against her on the basis of her sex when it reassigned her from the position of clinical director to medical officer. Relief denied. Now, you know, one can argue, if you want to add, that she waited two years before she raised any issue of constructive discharge. The board did not address that as to whether or not her constructive discharge allegation was timely. But given that, as it may we take, that the board did have under its authority to determine its jurisdiction, the board did discuss the constructive discharge and found that she was not constructively discharged because her act of resigning was a voluntary act and it did not rise to the level of being involuntary and, therefore, it had no jurisdiction. And the date of her demotion, her change of status, was... April 30, 2006. And the date of... That's why I'm... What's confusing me about this, and you may be able to straighten me out, is that it... Unless somebody's gotten the dates wrong, it's peculiar because it looks as if, according to the materials we have, that she files the EEO complaint in March... Of 2006. Of 2006. She's demoted in April. She quits in May. But... And then, ultimately, the EEO comes out in 2008 and says that her complaint is without merit, but they say the complaint that she was discharged because of sexual discrimination is not warranted, but the complaint would have had to have occurred before the either constructive discharge or the demotion, right? So... Well... You see what my confusion is? I believe she could have amended her complaint of discrimination before the EEO. That may be the answer. She chose not to. Nonetheless, when she received the April 2nd, 2008 decision, she then had a right, you know, to file... 2008, she came to the board after that. Her appeal to the board was May 1st. But you're talking about a two-year window. I understand. But... So you're suggesting that the nature of her EEO claim, it changed over time? Is that...? Well, she filed the EEO claim prior to her resignation. Yeah, and prior to her change of status. Right, and she could have perhaps amended that, and she chose not to do so. Nonetheless, when she came to the board, the two allegations she made to the board was dealing with the reassignment and the constructive discharge, and the board found that it did not have jurisdiction to adjudicate either of those claims. You know, one which we've previously discussed... That's why I'm confused as to why the EEO says, with respect to a complaint that was filed before she was... well, either change of status or left the job, that the issue was whether she left the job because of sexual discrimination. That's just... unless she... Well, I think they eased something in there, but the complaint was filed prior to that time. OK, that's fine. Any additional questions? Thank you so much. Mr. Schumer? Yeah, I do want to address these procedural issues. I do agree that this is an unusual case because of its procedural history, but I want to clear up what... I don't think it was intentional misrepresentation, but I believe that counsel misrepresented the status of the EEO determination. There was a decision dated November 8, 2007 that contained a joint appendix on page 96. The agency had actually filed a... There had been an initial determination by the EEO, unfavorable to the appellant... to the petitioner, excuse me. She appealed that within the proper timeframe and requested a hearing before the EEOC. At that stage, the agency filed a motion to dismiss for lack of jurisdiction and remand to the agency for lack of jurisdiction because the case was a mixed-case complaint. And at that point in time, it was clear that she was contesting both the demotion and what she contended to be a constructive discharge. So that's how it got back to the agency after this November 8, 2007. She then filed an appropriate appeal with the MSPB. Her appeal raised all the appropriate issues in terms of constructive discharges, sex discrimination. So everything procedurally, I want to assure the court, was done in a timely and appropriate manner and all the issues are properly... But the appeal wasn't from the EEO, was it? The appeal was from the Department of Justice decision. Right, but what happens is that because of the nature of this mixed-case appeal, she reserves the right, she has the right to do both. In other words, she can appeal both the non-discrimination issues to the MSPB as well as the discrimination issues and she did timely put the agency on notice of all of those claims. Except Ms. Reardon tells us that there was no reason for the MSPB to reach the discrimination issues. Well, they claim that there was a lack of jurisdiction due to the failure to allege an appropriate claim of constructive discharge or appropriate claim that she didn't voluntarily resign. Let me go back to a couple of key points, OK? The basis for the administrative hearing officer's MSPB decision was that she claimed that there was undisputed evidence demonstrated that the agency's intention was to reassign to medical officer without a loss in grade or pay. That's on the decision of the MSPB hearing officer at page 3. You also heard the agency argue that this morning, that there was undisputed evidence. But there wasn't undisputed evidence. The evidence that is actually in the record, OK, is that both Warden Snezek and the assistant warden told Ms. Kelley that they believed that she was going to suffer a $3,000 to $4,000 loss of pay. I mean, it's part of the actual record in this case. So it's one thing to say that there may be a disputed issue of fact as to what the agency's intention was, but it's totally unreasonable to say that it was undisputed that it was their intention not to reduce her own pay. First of all, they did it, OK? Second of all, the paperwork shows they did it. And third of all, the two witnesses who are the decision makers admit that they did it. So how can you possibly claim that that's undisputed? As it relates to the constructive discharge, I guess that there's two bases. Now, when you say the two witnesses admitted it, are you getting that evidence from her affidavit? No, that evidence is part of the administrative record. It is in the decision that was rendered by the agency in which they recited the factual basis for their findings. Coming from the BOP witnesses? No, yes, the persons making the statement are Warden Snezek, who is the decision maker on the demotion, and the Assistant Warden Oranzini. And that is in the EEO's decision? No, no, that is in the final agency decision that was used as the basis for the appeal to the MSPB. Well, but that's the, when I say EEO, I mean the agency's Equal Employment Office. Right. Right, so that would be the BOP, right? Or DOJ? I don't want to mistake, because I'm not sure, Your Honor. Okay, I guess what I'm trying to say is... The one that we have here that we were reading from before. Right. After the request for hearing was dismissed before the EEOC, it was referred back for a final agency decision, that I believe was a decision issued on April 2, 2008. It's called Department of Justice Final Decision. Right, it's the one we were looking at before, starting at A14. Right. And that decision is the one that contains the evidence I've cited as to the admissions of the witnesses from the BOP, acknowledging that they expected that she would receive a $3,000 to $4,000 reduction in her pay. And so we just believe that that's so crystal clear that it requires reversal. And then the second thing is whether or not a reasonable person under these circumstances, or whether she at least made such a case that she was entitled to at least a jurisdictional hearing as to whether or not that was what she had a reasonable basis to resign. This was humiliating to her. She intended to make her career as a doctor with the Bureau of Prisons. She did a good job. All of her job evaluations were excellent. The agency does not contend that there was any factual basis for the demotion other than their administrative decision making. She was a good doctor. She wanted to be treated fairly. She wanted to do her job well. She wanted to have appropriate assistance to be able to do her job well. Instead, for discriminatory reasons on the basis of her sex, they demoted her to a medical officer. They suggested she was going to take orders from the male physician that was brought in to replace her. They made demeaning sexist comments towards her. And under all those circumstances, she thought it was a reasonable approach to no longer continue her employment with the agency. But this is not something where you could say, well, she just wanted to go get a better job. She intended to make this her career. They prevented her from doing so.  No questions? Okay. Thank you, Mr. Heumann. Thank you, Your Honor. Any other questions? Okay. This is taken as a resolution.